

# Fourth Court of Appeals
## San Antonio, Texas

November 20, 2015

No. 04-15-00344-CR

Juan Ruben Sanchez **CERDA,**
Appellant

v.

The **STATE** of Texas,
Appellee

From the 229th Judicial District Court, Starr County, Texas
Trial Court No. 14-CRS-372
Honorable J.R. "Bobby" Flores, Judge Presiding

# O R D E R

Appellant's brief was originally due September 11, 2015, but it was not filed. This court notified appellant's retained attorney, Jesus Maria "Chuy" Alvarez, of the deficiency by letter on September 17. *See* TEX. R. APP. P. 38.8(b)(2). Although our letter required the brief or a motion for extension of time be filed by September 27, no response was filed. On October 6, after a telephone call from the clerk of this court, Alvarez filed a motion for extension of time to file the brief. We granted the motion and ordered Alvarez to file appellant's brief by November 10, 2015. We advised him that no further extensions would be granted absent a timely motion that (1) demonstrated extraordinary circumstances justifying further delay, (2) advised the court of the efforts counsel has expended in preparing the brief, and (3) provided the court reasonable assurance that the brief will be completed and filed by the requested extended deadline. Our order further advised Alvarez that if the brief or a conforming motion were not filed by the date ordered, the appeal would be abated and remanded to the trial court for an abandonment hearing. Neither the brief nor a motion for extension of time has been filed.

Pursuant to Rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we **abate** this appeal, **remand** the case to the trial court. We **order** the trial court to conduct a hearing to determine:

(1) whether appellant desires to prosecute his appeal;

(2) whether appellant has made the necessary arrangements for filing a brief; and

(3) whether counsel has abandoned the appeal. Because sanctions may be necessary, the trial court should make a finding as to whether Alvarez abandoned the appeal even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first issue by sworn affidavit from the appellant. The trial court shall, however, order appellant's counsel to be present at the hearing.

The trial court is further **ordered** to make written findings and conclusions on these issues. The clerk and court reporter are **ordered** to file in this court, no later than **December 21, 2015**, (1) a reporter's record of the hearing, and (2) a supplemental clerk's record containing the court's written findings of fact, conclusions of law, and recommendations addressing the above issues. *See* Tex. R. App. P. 38.8(b)(3).

Counsel is further advised that his obligation to file appellant's brief is continuing, and this court will accept the brief for filing during this abatement. Counsel is further advised that he may also be ordered to appear before this court to show cause why he should not be held in contempt for failing to comply with this court's October 7, 2015 order.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of November, 2015.

Keith E. Hottle
Clerk of Court